EASTERN DIST.
January, 1832.

RHODES
vs.
RHODES.

## RHODES vs. RHODES.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF EAST FELICIANA.

A Court of Probates cannot take jurisdiction of a case in which it is asked, that the defendant be decreed to make a conveyance of a tract of land.

This was an action brought against the administration of the estate of John Rhodes, deceased, on a conditional obligation given by the deceased to the plaintiff, wherein he binds himself to make a title to the plaintiff of certain lands on the happening of a certain condition; or in case he does not do so, to pay to the plaintiff the sum of two thousand dollars. The petition contained a prayer that the defendant be decreed to make a title to the land, or pay the sum of two thousand dollars, and concluded with a prayer for general relief. The defendant excepted to the jurisdiction of the court, which being sustained, the plaintiff appealed.

*Downs,* for appellant, urged, that the Court of Probates ought to have entertained jurisdiction:

1. Because the bond and the whole transaction is set forth in the petition, and there is a prayer for general relief. On examining the bond it will be found to be merely an obli-

gation to pay two thousand dollars, in which the obligor has reserved to himself the right of discharging, by the transfer to the obligee of a certain tract of land. But the tranfer of the land was left to the option of the obligor. The payment of the two thousand dollars being the only obligation that the plaintiff could enforce, he went before the court having exclusive jurisdiction of such a demand when brought against an estate administered by an administrator. 6 *Toullier*, 840, *no.* 804. *C. C. art.* 2116–7. 6 *Martin*, *N. S.* 623. *C. P. art.* 924. *no.* 13, 983, 41–2.

2. Because the prayer was in the alternative, for the transfer of the land, or the two thousand dollars; and the court had jurisdiction at least for the demand of the money. *Oger* vs. *Daunois*, 7 *Mar. N. S.* 655.

*Andrews*, contra.

1. The appellant relies upon the prayer for general relief. The court cannot give a relief different and contrary to the one sought. It cannot authorise a court to entertain jurisdiction where none is given by the law. It cannot authorise a *court* to give damages where the defendant has not been put *in mora*.

2. The obligation is not a simple one. It is an obligation with a penal clause. *C. C. art.* 2015, 2113–4.

3. The action was brought to enforce the primary obligation, or put the defendant *in mora*, and to enforce the penalty.

4. Courts must enforce contracts according to the intention of the parties. *C. C.* 1940—2.

5. If it was a contract in the alternative, the defendant would have his choice, and a court of limited jurisdiction could not give it him. *C. C.* 2062–3.

*Martin, J.* delivered the opinion of the court.

The petitioner prays that the administratrix be decreed to transfer to him one undivided half of a certain tract of land, described in the petition, within a reasonable time to be fixed by the court, and that she be decreed, on her failing to do so,

EASTERN DIST. to pay the sum of two thousand dollars, with interest and
January, 1832. costs.

RHODES                  There was a plea to the jurisdiction of the court, and the
  vs.
RHODES.      defendant prayed that if the petitioners claim be sustained, it
might be restrained to the recovery of the money.

The court was of opinion that the petitioner's claim was
not one for money, and sustained the plea to its jurisdiction,
and the petitioner appealed.

His counsel has urged, that the Court of Probates erred,
because the deceased having entered into a bond with a
penalty to make title, and the whole transaction being spread
on the record, and there being a prayer for general relief, the
court was competent to give judgment for the money, and he
relied on 6 *Toullier,* 804. *Civil Code,* 2116—8. 6 *Martin,*
*N. S.* 623. *Code of Practice,* 924, *no.* 13, 983, 41–2—
because the prayer was in the alternative, i. e. a transfer or
the payment of the penalty. 7 *Martin, N. S.* 655.

The counsel of the appellee has contended that a prayer
for general relief does not authorise a relief different from or
contrary to that asked ; nor does it give jurisdiction in cases in
which the law gives it not. It does not authorise damages
when the defendant is not *in mora ;* that the obligation is but
a simple one—*Civil Code,* 2015—but one with a penal clause.
*Ib.* 2113–4.

A Court of Pro-        It appears to us the Court of Probates did not err. An
bates    cannot
take jurisdiction action derives its character from the prayer. Here a decree,
of  a  case  in that a tract of land be conveyed is asked. The court is
which it is asked
that the defen- prayed to fix a particular day on or within which the con-
dant be decreed
to make a con- veyance must be executed. This the court cannot do in any
veyance  of  a case.   In the present, it is asked that a person who cannot
tract of land.
convey should do so. After all this, comes a prayer that if
this person, who cannot convey, do not execute a conveyance
which the court cannot decree, within a period which it
cannot fix, then this person is to be condemned for refusing to
comply with an illegal dun to pay a sum of money.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the Court of Probates be affirmed, with costs
in both courts.